FILED
2015 DEC -2 PM 1:55

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA15CR0793XR |
| Plaintiff, | I N D I C T M E N T |
| v. | [In violation of: |
| | 18 U.S.C. § 2252A(g) |
| | Child Exploitation Enterprise; |
| | 18 U.S.C. § 2252A(a)(1) |
| | Transportation of Child Pornography; |
| CODY ALEXANDER STOOPS, | 18 U.S.C. § 2252A(a)(2) |
| | Receipt of Child Pornography; |
| Defendant. | 18 U.S.C. § 2252A(a)(5)(B) |
| | Possession of Child Pornography.] |

**THE GRAND JURY CHARGES:**

## COUNT ONE
[18 U.S.C. § 2252A(g)]

Between on or about September 8, 2015, and October 27, 2015, in the Western District of Texas and elsewhere, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly engage in a child exploitation enterprise, that is, the defendant violated Chapter 110 of Title 18 of the United States Code, as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, which offenses are described in Counts 2 – 9 of this Indictment, incorporated herein, and committed those offenses in concert with three or more persons,

All in violation of Title 18, United States Code, Section 2252A(g).

## COUNT TWO
[18 U.S.C. § 2252A(a)(1)]

On or about October 7, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

knowingly transported and shipped, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A),

All in violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT THREE
[18 U.S.C. § 2252A(a)(2)]

On or about September 10, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT FOUR
[18 U.S.C. § 2252A(a)(2)]

On or about September 12, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT FIVE
[18 U.S.C. § 2252A(a)(2)]

On or about September 13, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT SIX
[18 U.S.C. § 2252A(a)(2)]

On or about September 17, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT SEVEN
[18 U.S.C. § 2252A(a)(5)(B)]

On or about October 28, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly possess material, specifically, a Toshiba laptop computer, which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, or a minor that had not attained 12 years of age, and which had been shipped and transported using any means and facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT EIGHT
[18 U.S.C. § 2252A(a)(5)(B)]

On or about October 28, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

did knowingly possess material, specifically an Apple iPhone 5, which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, or a minor that had not attained 12 years of age, and which had been shipped and transported using any means and facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT NINE
[18 U.S.C. § 2252A(a)(1)]

On or about October 8, 2015, within the Western District of Texas, the Defendant,

**CODY ALEXANDER STOOPS,**

knowingly transported and shipped, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A),

All in violation of Title 18, United States Code, Section 2252A(a)(1).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[Title 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), and (b), subject to forfeiture pursuant to Title 18 U.S.C. § 2253(a). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations set forth in Counts One through Five, the United States of America gives notice to Defendant, **CODY ALEXANDER STOOPS**, of its intent to seek the forfeiture of the below described property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which states:

> **Title 18 U.S.C. § 2253. Criminal forfeiture**
> (a) **Property subject to criminal forfeiture.**-A person who is convicted of an offense under this chapter involving a visual depiction described in section . . . 2252 . . . of this chapter . . . shall forfeit to the United States such person's interest in-

(1) any visual depiction described in section . . . 2252 . . . of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The notice of forfeiture includes but is not limited to the Toshiba laptop computer and Apple iPhone 5.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

RICHARD DURBIN
UNITED STATES ATTORNEY

BY: *Tracy Thompson*
TRACY THOMPSON
Assistant United States Attorney

5